1
2
3                    UNITED STATES DISTRICT COURT
4                         DISTRICT OF NEVADA
5                              * * *
6    RACHEL MARIE WHITTED,                 Case No. 3:21-cv-00115-MMD-WGC
7                              Plaintiff.              ORDER
8          v.
9    STATE OF NEVADA DEPARTMENT
     OF CORRECTIONS, *et al.*,
10
11                           Defendants.

12         This action began with a *pro se* civil rights complaint filed under 42 U.S.C. § 1983

13   by a former state prisoner. (ECF No. 1-1.) On August 17, 2021, this Court issued an order

14   directing Whitted to file her updated address with this Court by September 17, 2021. (ECF

15   No. 8.)  The deadline has now expired, and Whitted has not filed her updated address or

16   otherwise responded to the Court's order.

17         District courts have the inherent power to control their dockets and "[i]n the

18   exercise of that power, they may impose sanctions including, where appropriate . . .

19   dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831

20   (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure

21   to prosecute an action, failure to obey a court order, or failure to comply with local rules.

22   *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for

23   noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)

24   (affirming dismissal for failure to comply with an order requiring amendment of complaint);

25   *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to

26   comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone*

27   *v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to

28

comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in the expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the Court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *See Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Whitted to file her updated address with the Court by September 17, 2021, expressly stated: "[i]t is further ordered that, if Plaintiff fails to timely comply with this order, this case will be subject to dismissal without prejudice." (ECF No. 8 at 2.) Thus, Whitted had adequate warning that dismissal would result from her noncompliance with the Court's order to file her updated address by September 17, 2021.

It is therefore ordered that this action is dismissed without prejudice based on Whitted's failure to file an updated address in compliance with this Court's August 17, 2021, order. (ECF No. 8.)

The Clerk of Court is directed to close the case and enter judgment accordingly.

DATED THIS 22nd Day of September 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE